**SIGNED this 21st day of February, 2017**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | |
| Rita Sharon Smith | No. 1:16-bk-13851-SDR |
| Debtors; | Chapter 13 |
| | |
| Process Engineering Associates, LLC. | Adversary Proceeding |
| Plaintiffs | No. 1:16-ap-01051-SDR |
| | |
| v. | |
| | |
| Rita Sharon Smith | |
| Defendant | |

**MEMORANDUM**

    Plaintiff, Process Engineering Associates, LLC., filed this adversary proceeding seeking to have a debt owed to it by Defendant/Debtor, Rita Sharon Smith, declared non-dischargeable. Defendant summited to having a default judgment entered against her, but argued that the amount of the non-dischargeable debt should be much less than Plaintiff was seeking. The court

1

conducted an evidentiary hearing on the amount of the judgment on February 9, 2017. The court heard testimony from two witnesses for Plaintiff and the argument of counsel at that time. For the reasons stated below, the court will grant the default for the entire amount sought by Plaintiff.

## I. Jurisdiction

The court has jurisdiction under 11 U.S.C. § 523 and 28 U.S.C. § 1334. This adversary proceeding relates to a case under Chapter 13 of the Bankruptcy Code, now pending in this court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## II. Facts

The relevant facts in this case are not contested.

In December 2004, the Chancery Court for Morgan County, Tennessee, entered a judgment against Defendant in favor of Plaintiff. (Doc. no. 1, Complaint 2.) The judgment contained a specific finding that Defendant's "conduct constitutes defalcation while acting in a fiduciary capacity and misappropriation of [Plaintiff's] funds." (*Id.*) The judgment was in the amount of $126,418.48 for monies defalcated by Defendant plus $5,875 in consequential damages. (*Id.*) Since 2004, the judgment has accrued costs of collection and post-judgment interest at the statutory rate of ten percent per annum. (*Id.*)

While Defendant has managed to pay Plaintiff approximately $55,000 during the last twelve years, her payments have never been sufficient to satisfy the accruing interest and she now owes $225,172.46. (*See* Trial Exhibit 5.)

Defendant filed a chapter 13 bankruptcy on September 13, 2016. (Bankr. Case No. 1:16-bk-13851-SDR, Doc. No. 1.) Plaintiff filed this adversary on December 1, 2016. (Doc. no. 1.) Defendant was duly served on December 8th. (Doc. 6.) Defendant did not file an answer prior to January 9, 2017, which was her deadline to respond. On January 12th, Plaintiff moved for a

2

default judgment. (Doc. no. 7.)  At the hearing on the motion for a default judgment, Defendant had no defense as to the taking of a default, but argued that Plaintiff should not be entitled to a judgment for the entire $225,172.46 it requested.

### III. Analysis

Defendant's argument is that only the $126,418.48 awarded by the state court for defalcation constitutes non-dischargeable debt.  She believes the $5,875 in consequential damages as well as all of the interest that has accumulated over the years is ordinary dischargeable debt.  Her reasoning is that only the amount actually obtained by defalcation can be declared non-dischargeable under § 523(a)(4).

She further argues that the $55,000 in payments she has made should be applied to the original non-dischargeable principal amount.  Under her theory, only about $71,000 of the $226,000 sought by Plaintiff is non-dischargeable.  Defendant offered no authority for her contention that payments should be applied to the principal before being applied to the interest.

To Defendant's first contention that only the $126,418.48 should be non-dischargeable, Defendant offered no direct authority.  She relied on the general proposition that objections to discharge should be narrowly construed.  She argues that to meet that objective, the court should determine that only that portion of the debt which reflects the amount improperly taken less the repayments should be included in the judgment.  She argues for a limitation such as the one contained in 11 U.S.C. § 523(a)(2) which exempts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, **to the extent obtained by**" and then contains a list of bad acts including false pretenses, fraud, etc.  Defendant's application of that section's limitation caps the non-dischargeable portion of Plaintiff's $225,172.46 claim at $126,418.48 because that is the extent to which it was obtained by Defendant's bad acts.

3

However, Defendant's argument falls short for several reasons.

First, Plaintiff is not seeking to have its debt declared non-dischargeable under 11 U.S.C. § 523(a)(2), but under 11 U.S.C. § 523(a)(4). That section exempts a debt from discharge if a finding of "defalcation while acting in a fiduciary capacity" is made. 11 U.S.C. § 523(a)(4). These are the exact words used in the state court judgment. More importantly, the defalcation exception contained in § 523(a)(4) lacks the limiting language contained in § 523(a)(2) which Defendant appears to be arguing should be applied in this case. In fact, the court notes that the limiting language only appears in § 523(a)(2) and not in any other exception to dischargeability. When interpreting a statue, the court assumes that Congress meant what it said. *Kaplan v. St. Peter's Healthcare Sys.*, 810 F.3d 175, 187 (3d Cir. 2015). Since Congress felt the need to use that language for one exemption to dischargeability but no others, the court has no reason to think it should be applied in this case.

Second, the U.S. Supreme Court has allowed additional damages even when the limitation is applicable. The Supreme Court ruled on whether the language in § 523(a)(2) limits the non-dischargeable portion of a debt to the original amount obtained by fraud in *Cohen v. de la Cruz*. 523 U.S. 213, 223, 118 S. Ct. 1212, 1219 (1998). In *Cohen*, the Supreme Court held that attorney's fees and treble damages could be awarded in a § 523(a)(2) nondischargeability claim, if such damages were supported by an underlying state law. (*Id.*) The Supreme Court reasoned that "once it is established that specific money or property has been obtained by fraud . . . 'any debt' arising therefrom is excepted by discharge." (*Id.* at 218.) In this case, Plaintiff was awarded compensatory damages as well as statutory interest at a rate of ten percent per annum by the state court. *See* T.C.A. 47-14-121. That order has long since become final. Therefore, this court finds Plaintiff's damages are supported by state law. Since the Supreme Court has ruled

4

that the limiting language in § 523(a)(2) does not limit the non-dischargeable portion of a debt to the amount originally obtained by the bad act, this court has no reason to think that such logic would apply to § 523(a)(4), which contains no such limiting language.

In its search for cases, the court has not found any discussing this issue specifically. However, the court has found cases granting damages beyond the amount originally obtained by bad acts. *See e.g.*, *Klingman v. Levinson*, 831 F.2d 1292 (7th Cir. 1987) (declaring attorney's fees and interest non-dischargeable under § 523(a)(4) where there is a contractual or statutory right to such payments and the underlying debt is non-dischargeable); *In re Guy*, 101 B.R. 961 (Bankr. N.D. Ind. 1988) (allowing pre-judgment interest and punitive damages where they had been awarded by a state court for acts that constituted a defalcation under §523(a)(4)); *BankChampaign, N.A. v. Bullock (In re Bullock),* Nos. 09-84300-JAC-7, 10-80003-JAC-7, 2010 Bankr. LEXIS 1783 (U.S. Bankr. N.D. Ala. May 27, 2010) (declaring entire state court judgment, including an award of attorney's fees, non-dischargeable under § 523(a)(4)).

As to Defendant's contention that her $55,000 in payments should be credited against the non-dischargeable portion of the claim first, the court has not been given, nor can it find, any authority to support this position. The court notes that Defendant does not argue that her payments have been misapplied or that she paid more than she has been credited for by the Plaintiff. In fact, she seems to accept that the payments have been properly applied in a non-bankruptcy context, but simply argues that because she filed bankruptcy, Plaintiff must reduce its non-dischargeable debt by the amount Defendant paid prepetition. Such a rule would result in favoring individuals who have committed the bad acts Congress has excepted from discharge in § 523 over the victims of those bad acts. This case is a prime example. Defendant was found to have committed defalcation in 2004 and has failed to satisfy the judgment for 12 years. She has

not made payments sufficient to cover the interest. If she were allowed to now reduce her non-dischargeable debt, Plaintiff would not be made whole because the time-value of money makes the value of its possible recovery far less than what it lost due to Defendant's bad acts. It seems "unlikely that Congress . . . would have favored the interest in giving perpetrators of fraud a fresh start over the interest in protecting victims of fraud." *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

Therefore, since Defendant has offered no defense to a default being taken against her and the court has found that the appropriate amount of such a default is $225,172.46, the court will enter a default judgment in that amount.

### III. Conclusion

Defendant has failed to answer Plaintiff's complaint and it appears that Plaintiff is entitled to the relief requested. Therefore, a default judgment will be entered for the Plaintiff. Because the code does not limit Plaintiff's claim of non-dischargeability to the amount actually obtained by the defalcation, Plaintiff is entitled to have its entire claim of $225,172.46 declared non-dischargeable.

A separate order will be entered.